■ In the Matter of ROBERT J. SCARANO, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review an order of the Commissioner of Education which censured and reprimanded petitioner. In April, 1975 the petitioner, a professional engineer licensed by the State of New York since 1953, was charged with professional misconduct in that he practiced his profession beyond its authorized scope (Education Law, § 6509, subd [2]) by practicing land surveying as defined by section 7203 of the Education Law. On the basis of the same allegations, he was also charged with committing unprofessional conduct (Education Law, § 6509, subd [9]). By order dated July 1, 1976 the Commissioner of Education, pursuant to the determination of the Board of Regents affirming the report of the Regents Review Committee, which adopted the findings of the hearing panel, directed that petitioner be censured and reprimanded. It is undisputed that prior to September 1, 1971 petitioner performed and was entitled to perform work which clearly constituted land surveying (see Opinion of Counsel of the State Education Dept, No. 170, 5 Ed Dept Rep 237). By the enactment of the Laws of 1971 (ch 987, § 2), effective September 1, 1971, the professions of engineering (Education Law, § 7201) and land surveying (Education Law, § 7203) were separated. By the terms of section 7208 of the Education Law, however, the following activities, with specified restrictions on advertising, were allowed: "e. Making of surveys by professional engineers, except that the determination of real property boundaries may be done only by a licensed land surveyor. * * * m. The making of land surveys by a professional engineer where such land surveys are essential to engineering projects, provided he was licensed as a professional engineer in this state on or before the first day of January in the year in which this act shall become a law and files evidence satisfactory to the board on or before the first day of July in the year next succeeding the year in which this act shall have become law, that he is competent and experienced in such land surveys". By application dated February 29, 1972 petitioner duly applied, pursuant to subdivision (m) of section 7208 of the Education Law, "for authority to make land surveys where such land surveys are essential to engineering projects". In connection with this application petitioner referred to his considerable experience and submitted 11 subdivision maps which he had prepared. By letter dated May 22, 1972 the State Board for Engineering and Land Surveying denied petitioner's application, stating: "If you applied for exemption under paragraph m, the Board did not find any evidence of surveying work other than what is permitted in paragraph e of section 7208. Paragraph e cites an exemption granted to all professional engineers; no special authority is needed." Unbelievably, 8 of the 11 maps referred to in petitioner's said application dated February 29, 1972, which the board advised the petitioner he could prepare under the provision allowing the making of surveys by professional engineers except those involving "the determination of real property boundaries" (Education Law, § 7208, subd [e]) were used as a basis of the April, 1975 charges filed against petitioner. On the one hand petitioner had been advised that he was permitted to prepare certain survey maps. On the other hand he was charged, found guilty of misconduct and censured and reprimanded for filing some of these very same maps. Al-

though there were other maps and plot plans referred to in the charges against petitioner, in our view not only the May 22, 1972 letter, but also the general course of the relationship between petitioner and respondent, marked by frequent communications, provided total confusion as to just what surveying activity he could practice and, in particular, as to what constituted the prohibited area of "the determination of real property boundaries" (Education Law, § 7208, subd [e]). The interpretation of the statute was unreasonable and therefore was arbitrary and capricious. Determination annulled, and petition granted, with costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.